**UNITED STATES of America,**
**Appellee,**

v.

**Frank BARRETT, aka Skip Barrett,**
**Defendant–Appellant.**

**Nos. 00–1303(L), 00–1305(CON).**

United States Court of Appeals,
Second Circuit.

April 5, 2002.

Ernest M. Allen, Stetler, Allen & Kampmann, Burlington, VT, for Appellant.

Tristram J. Coffin, Assistant U.S. Attorney, David V. Kirby, United States Attorney, on the brief, Burlington, VT, for Appellee.

Present LEVAL, SACK, and
SOTOMAYOR Circuit Judges.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Frank Barrett appeals the district court's Nov. 16, 2000 decision denying his motion for an injunction to stay auction of his seized property by the Drug Enforcement Agency ("DEA"). Barrett and his attorney received notice of impending forfeiture on Dec. 4, 1998, stating that he would have 20 days from the date of publication notice to file a petition claiming ownership and contest the forfeiture, together with a cost bond, or declaration of inability to pay the bond and intent to proceed *in forma pauperis.* 19 U.S.C. § 1607–1609. Upon filing such a claim, the administrative forfeiture process is halted and the defendant is entitled to a judicial hearing. 21 C.F.R. § 1316.78. The 20 days begin to run when notice of seizure is published in U.S.A. Today; notice was published Dec. 16, 1998, giving Barrett until Jan. 5, 1999 to file. On Jan. 12, 1999, he filed a request to proceed *in forma pauperis,* seven days after the last date to file, and without filing a claim of ownership. On Jan. 21, 1999, the DEA, while not permitting him to file a claim for ownership, afforded him an additional 20 days to file a petition for remission or mitigation, though the 30–day period to ask for such discretionary review had also elapsed. Barrett submitted a petition for remission or mitigation, and the DEA decided within its discretion that because there was probable cause to believe that illicit drug funds were used to purchase the property, no remission or mitigation of the forfeiture was warranted. The DEA declared the property forfeited on May 6, 1999.

Barrett filed a *pro se* motion during his criminal case, under Rule 41(e) of the Federal Rules of Criminal Procedure, seeking return of his seized property. Barrett argued that the administrative scheme violates due process and that he should have been entitled to a hearing to contest forfeiture. A federal court "lacks jurisdiction to review the merits of administrative forfeiture decisions" but may review the procedural adequacy of the decision. *United States v. One 1987 Jeep Wrangler,* 972 F.2d 472, 480 (2d Cir.1992). The district court denied the motion on the basis that "[o]n the record before the Court, it cannot be said that notice was constitutionally insufficient." The district court relied on Barrett's receipt of actual notice, and his indication in his motion that he knew Jan. 5 was the deadline for filing. In addition, the court concluded, "[n]owhere does he account for the gap of two to three weeks

between the receipts of notice and his attempt to file his claim."

Barrett argues that the 20–day period to submit a claim contesting forfeiture is insufficient. Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Thus, all that is required is reasonable, pre-deprivation notice of an opportunity to participate in a hearing and reasonable time to respond. The DEA provided both, as required by statute.

Barrett did not explain why the time provided was insufficient. He did allege that "[t]he delay was partly because of mental anguish and confusion at the time resulting from a recent traumatic suicide attempt." He seems to argue that due to his mental incapacity, the 20–day period was insufficient and should have been extended. The district court did not discuss incapacity, presumably because Barrett made no record of reduced capacity to respond to the forfeiture notice. There was no assertion that the DEA should have had knowledge of any incapacitation, nor any assertion that it should have had knowledge after the fact such that it should have granted an extension. The district court acted within its discretion in declining to enjoin forfeiture or to hold a hearing on the question.